## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 51730

| | |
|---|---|
| STATE OF IDAHO,<br><br>　　　Plaintiff-Respondent,<br><br>v.<br><br>BAILEY DAYNE COFFIN,<br><br>　　　Defendant-Appellant. | )<br>)　Filed:　June 3, 2025<br>)<br>)　Melanie Gagnepain, Clerk<br>)<br>)　THIS IS AN UNPUBLISHED<br>)　OPINION AND SHALL NOT<br>)　BE CITED AS AUTHORITY<br>)<br>) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Gene A. Petty, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of two years, for first degree stalking, <u>affirmed</u>; order relinquishing jurisdiction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

　　Bailey Dayne Coffin pled guilty to first degree stalking.  I.C. § 18-7905.  The district court sentenced Coffin to a unified term of five years, with a minimum period of confinement of two years.  The district court retained jurisdiction, and Coffin was sent to participate in the rider program.

　　After Coffin completed his rider, the district court relinquished jurisdiction.  Coffin filed an I.C.R. 35 motion, which the district court denied.  Coffin appeals, claiming that his sentence is excessive and that the district court erred in relinquishing jurisdiction.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Coffin argues that the district court erred by relinquishing jurisdiction following his rider and that all of the relevant goals of sentencing could have been accomplished with probation. The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Coffin's judgment of conviction and sentence as well as the order relinquishing jurisdiction are affirmed.